**PHILLIPS DAYES**
LAW FIRM
*A Professional Corporation*

3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
TREY DAYES, No. 020805
SEAN C. DAVIS, No. 030754
PRESTON K. FLOOD, No. 032764
seand@phillipsdayeslaw.com
(602) 288-1610 ext. 432
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Kris Leon;<br><br>  Plaintiff,<br><br>vs.<br><br>O'Reilly Automotive Stores, Inc., a Missouri corporation d/b/a O'Reilly Auto Parts;<br><br>  Defendant, | Case No.: _____<br><br>**COMPLAINT** |

Plaintiff Kris Leon, for his Complaint against Defendant, alleges as follows:

### **NATURE OF THE CASE**

1. The Fair Labor Standards Act is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

2. Employers must compensate employees for all work that employers permit

employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3. Plaintiff brings this action against Defendant for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").

4. Plaintiff seeks to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## **JURISDICTION AND VENUE**

5. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

6. Venue is proper under 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to this matter occurred in this District.

7. The named Defendant, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

**PARTIES**

9. At all times material hereto, Plaintiff was a resident of Maricopa County, Arizona.

10. At all times material hereto, O'Reilly Automotive Stores, Inc., was incorporated in the State of Missouri with its principal place of business in Greene County, Missouri.

11. At all times material hereto, O'Reilly Automotive Stores, Inc., does business under the fictitious name of O'Reilly Auto Parts.

12. At all times material hereto, O'Reilly Automotive Stores, Inc., d/b/a as O'Reilly Auto Parts, is a nationwide chain of retail stores specializing in automotive parts, with locations in Maricopa County, Arizona.

**FACTUAL BACKGROUND**

14. At all relevant times, Plaintiff was an "employee" of Defendant.

15. The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendant.

16. At all relevant times, Defendant was and continues to be an "employer" as defined in 29 U.S.C. § 203(d).

17. Defendant should be deemed an "employer" for purposes of the FLSA including, without limitation, 29 U.S.C. § 216.

18. At all times material to this action, Defendant was and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

19. Plaintiff engaged in commerce or in the production of goods for commerce and is therefore individually covered under the FLSA pursuant to 29 U.S.C. §§206(a), 207(a)(1), 212(c).

20. On information and belief, at all relevant times, the annual gross revenue of Defendant has exceeded, and continues to exceed, $500,000.00.

21. O'Reilly Auto Parts is a nationwide retail store specializing in the sale of automotive parts.

22. Defendant hired Plaintiff on or about June 7, 2000, as an installer service specialize/commercial manager.

23. Plaintiff's job duties and responsibilities included managing delivery drives, making hydraulic hoses, answering phones, turning brake rotors and drums, and selling parts.

24. Defendant compensated Plaintiff with hourly rate of $16.00 per hour worked.

25. Plaintiff regularly worked from Monday through Friday, from approximately 8:00am until approximately 7:00pm.

26. Plaintiff would regularly work his shifts without taking a lunch break.

27. Defendant did not pay Plaintiff overtime for hours worked in excess of forty during Plaintiff's employment with Defendant.

28. Plaintiff made multiple complaints about his time cards and a lack of overtime pay, but no corrective action was taken by Defendant.

29. Defendant withheld taxes out of Plaintiff's paycheck pursuant to IRS regulations.

30. Plaintiff was a non-exempt employee.

44. Defendant managed, supervised, and directed all aspects of Plaintiff's job duties and responsibilities.

45. Plaintiff's primary duty was not the performance of work requiring advanced knowledge in a field of science or learning that was acquired by a prolonged course of specialized intellectual instruction.

46. Plaintiff did not perform work requiring advanced knowledge.

47. Plaintiff did not perform work in a field of science or learning.

48. Plaintiff did not have an advanced degree and was not required to have one to perform the work.

49. The knowledge required to perform the work of an installer service specialist/commercial manager is not acquired by a prolonged course of specialized intellectual study.

50. Plaintiff's duties were carried out in a mechanical and routine manner and he had no authority to make independent decisions in performing those duties.

51. Plaintiff's work did not require invention, imagination, originality, or talent.

52. Plaintiff's work did not require creative or original analysis and interpretation.

53. Plaintiff has retained the law firm of Phillips Dayes Law Firm PC to prosecute his claims against Defendant on his behalf and has agreed to pay reasonable costs and attorney's fees in the prosecution of this matter.

# COUNT ONE
## OVERTIME VIOLATION—29 U.S.C. § 207

54. Plaintiff incorporates and adopts paragraphs 1 through 53 above as if fully set forth herein.

55. While employed by Defendant, Plaintiff regularly worked multiple hours of overtime per week.

56. Plaintiff was a non-exempt employee.

57. Defendant has intentionally and willfully failed and refused to pay Plaintiff overtime according to the provisions of the FLSA.

58. As the direct and proximate result of Defendant's violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 207.

59. Pursuant to 29 U.S.C. § 216, Defendant is liable to Plaintiff for an amount equal to one and one-half times his regular pay rate for each hour of overtime worked per week.

60. In addition to the amount of unpaid wages owed to Plaintiff, he is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

61. On information and belief, Defendant's conduct in failing to properly compensate Plaintiff, in violation of the FLSA, was willful.

62. Defendant has not made a good faith effort to comply with the FLSA.

Plaintiff has been required to bring this action to recover his overtime compensation, and his statutory liquidated damages, and as the direct and foreseeable result of Defendant's conduct, Plaintiff has incurred costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

a. Awarding Plaintiff overtime compensation in the amount due for all of his time worked in excess of forty (40) hours per week at a pay rate equal to one and one-half times Plaintiff's regular rate of pay while at work for Defendants, in an amount proved at trial;

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

e. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

f. For such other and further relief as the Court deems just and proper.

# COUNT TWO
# DECLARATORY JUDGMENT

63. Plaintiff incorporates and adopts paragraphs 1 through 62 above as if fully set forth herein.

64. Plaintiff and Defendant have an overtime compensation dispute pending.

65. The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

66. Plaintiff is entitled to declarations, and requests that the Court make declarations as to the following matters and as to other matters deemed appropriate by the Court:

   a. Defendant employed Plaintiff.

   b. Defendant is engaged in an enterprise covered by the overtime provisions of the FLSA.

   c. Plaintiff individually is covered by the overtime provisions of the FLSA.

   d. Plaintiff was not an exempt employee pursuant to the FLSA.

   e. Defendant failed and refused to make payments of overtime compensation to Plaintiff, in violation of the provisions of the FLSA.

   f. Defendant's failures to pay overtime compensation to Plaintiff were willful.

   g. Plaintiff is entitled to damages in the amount of overtime compensation not paid by Defendants at the rate of one and one-half times Plaintiff's regular rate of pay.

   h. Plaintiff is entitled to an equal amount as liquidated damages.

    i. Plaintiff is entitled to recover his costs and a reasonable attorney's fee incurred in prosecuting his claim.

67. It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

68. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

  a. Declaring, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, that the acts and practices complained of herein are in violation of the overtime and wage provisions of the FLSA;

  b. Awarding Plaintiff his reasonable attorney's fees and the costs and expenses of the litigation pursuant to the FLSA; and

  c. For such other and further relief as the Court deems just and proper

Dated: April 27, 2017      Respectfully submitted,

            **PHILLIPS DAYES LAW FIRM PC**

            By: /s/ Trey Dayes
              Trey Dayes
              Sean C. Davis
              Attorneys for Plaintiff